Truax, J.
—The examination of the sureties shows that 'they were not worth the sum in which they justified, and. that they knew they were not worth that sum when they jnstified; that they became sureties for the purpose of enabling the attorney for the plaintiff to obtain the order of .arrest, and that their misconduct in so doing defeated ancL¡ impaired the rights and remedies of the defendant.
*456 The defendant would not have'been arrested and held ta hail in the sum of $10,000 if Peixotto and Sadler or some one else had not acted as sureties for the plaintiff. The defendant was entitled to two responsible sureties upon the undertaking which was given upon obtaining the order sought. He lost this right by the fraudulent acts of this attorney for'the plaintiff, and the false swearing of the sureties. No plainer case of an attempt to pervert the course of justice and to impair and defeat the rights and remedies of a party cari be shown than the one now presented to this court. Perjury has always been held to be a great contempt of court (Stackhouse v. French, 1 Bing. 365).
It is true that the sureties may, and should be, indicted. for their perjury. But their indictment and conviction will'be a punishment for the offense that they have committed against the people of this state, and will not purge the contempt. Their offense against the court will still remain unpunished. That offense the court has power to punish by imposing upon them a tine sufficient to indemnify the defendant for the loss and injury he has sustained through their misconduct, and by imprisoning them for six months, and until the fine is paid (Code Civ. Proc. § 2285).
If they should happen to be indicted and convicted for their perjury, the court before which they are convicted will, in pronouncing its sentence, take into consideration the previous punishment -(Code Civ. Proc. § 2287).
It was suggested on the argument that this application could not be granted, because a commitment to prison would be a violation of that part of the constitution of this state which declares that “ the trial by jury in all cases in ■which it has been heretofore used, shall remain inviolate forever” (art. 1, sec. 2). This suggestion is untenable. Courts of justice have had the power of punishing contempt by summary proceedings from time immemorial. The process of attachment for contempt must necessarily he as ancient as the laws themselves—for laws without a ¡-competent authority to secure their .administration from *457 disobedience and contempt would be vain and nugatory (4 Black. Com. 286). To punish for contempt was part of the common law of England when the constitution of 1777 was adopted. That constitution (art. 35) declared that the common law of England should be and continue the law of this state. The power to punish for a contempt is a branch of the common law which has been adopted and sanctioned by our State Constitution (Yates v. Lansing, 9 Johns. 416). Therefore, this is not one of the cases in which trial by jury “has been heretofore used.”
Nor is this proceeding within the prohibition of that portion of the constitution of the United States which provides that “no person shall be deprived of life, liberty, or property without due process of law.” This is a due process of law, and was recognized as such when the constitution of the United States was passed. It is not to be doubted, says Chancellor Kent, that the constitution and laws of the United States were made in reference to the existence of the common law. In many cases the language of the constitution and laws would be inexplicable without reference to the common law; and the existence of the common law is not only supposed by the constitution, but it is appealed to for the construction and interpretation of its powers (1 Kent Com. 336).
The actual loss which occurred by and through the misconduct of the sureties is the amount of the judgment which the defendant has recovered against the plaintiff, to wit, $772.52. The sureties are fined that amount. They will also be imprisoned for six months, and until the above fine is paid.